# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martinez

Civil Action No. 14-cv-0076-WJM

BRIAN C. STRAUB,

    Applicant,

v.

BARRY GOODRICH, BCCF Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Mr. Straub initiated this habeas corpus action, *pro se*, on January 9, 2014, challenging the validity of his convictions in the District Court of Denver County, Colorado. (Docket No. 1). He submitted an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on January 30, 2014. (Docket No. 4). Mr. Straub has paid the $5.00 filing fee.

    At the time of filing, the ineffective assistance of counsel (IAC) claims asserted in the Amended Application were unexhausted. Respondents argued in a pre-answer response (Docket No. 9) that the Amended Application should be dismissed as a mixed petition, pursuant to *Rose v. Lundy*, 455 U.S. 509, 520-22 (1982). On July 18, 2014, Magistrate Judge Boyd N. Boland directed Applicant to show cause why the Amended Application should not be dismissed as a mixed petition and ordered both parties to address whether a stay of this action was appropriate pursuant to *Rhines v. Weber*, 544

U.S. 269, 275-76 (2005).[1]  On September 30, 2014, Senior District Judge Lewis T. Babcock entered an order staying this case pending Applicant's exhaustion of his IAC claims in the state courts.   (Docket No. 18).

On September 13, 2017, Mr. Straub filed a Brief (Docket No. 39) notifying the Court that the Colorado Court of Appeals had issued a decision affirming the state district court's denial of post-conviction relief.   Magistrate Judge Gordon P. Gallagher thereafter ordered Respondents to file an amended pre-answer response addressing all of Applicant's claims.   (Docket No. 40).   Respondents filed an amended pre-answer response (Docket No. 48), on November 3, 2017.   Applicant filed a reply (Docket No. 49), on November 20, 2017.

Mr. Straub's filings are construed liberally because he is not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not act as an advocate for *pro se* litigants.   See *Hall*, 935 F.2d at 1110.   For the reasons stated below, the Court will dismiss the Application, in part.

**I.   State Court Proceedings**

On May 2, 2008, Mr. Straub was convicted of aggravated robbery and second-degree kidnapping in Denver District Court Case No. 07CR2494.   (Docket No. 1

---

[1] Under *Rhines*, the federal district court may stay a federal habeas petition in order for the petitioner to exhaust state remedies for all of the claims asserted in a mixed petition when the petitioner can show: (1) good cause for his failure to exhaust his federal claims in the state court; (2) that his unexhausted claims are not "plainly meritless"; and, that (3) he has not engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78.

at 1-2). He was sentenced to consecutive 10-year terms for the offenses.[2] (*Id.* at 1).
Mr. Straub's convictions were affirmed on direct appeal in *People v. Brian C. Straub*, No. 08CA1587 (Colo. App. March 8, 2012) (unpublished) (*Straub* I). (Docket No. 4 at 29-44). The Colorado Supreme Court denied his petition for certiorari review on January 7, 2013. (*Id.* at 50). Applicant did not file a petition for certiorari review in the United States Supreme Court.

On September 10, 2014, after Mr. Straub initiated this federal habeas proceeding, he filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c) ("Rule 35(c) motion") in the state district court. (Docket No. 17 at 53-69 and No. 17-1; *see also* No. 39 at 29). The post-conviction motion was denied on December 14, 2014. (Docket No. 39, at 29-32, 64). The Colorado Court of Appeals affirmed in *People v. Brian C. Straub*, No. 15CA153 (Colo. App. Sept. 7, 2017) (unpublished) (*Straub* II). (*Id.* at 33-62).

Applicant's petition for rehearing was denied on November 2, 2017. (Docket No. 48-2).

## II. The Amended Application

Mr. Straub asserts the following claims for relief in the Amended Application:

1. Due process violations under *Brady v. Maryland*, 373 U.S. 83 (1963), in that the prosecution failed to disclose:

    (a) The existence of a database of vehicle license plate numbers entering and leaving DIA parking facilities, which, had it been reviewed prior to trial, would have shown that a vehicle registered to Applicant and his father entered DIA at the approximate time of the robbery, which in turn would corroborate Applicant's alibi defense

---

[2] In September 2017, Applicant was released to a community corrections facility in Lakewood, Colorado. (Docket Nos. 41, and 48 at 1).

(Docket No. 4 at 4, 9-13);

(b) Criminal histories of three prosecution witnesses (*id.* at 4, 13-14).

2. Prosecutorial misconduct, specifically:

   a. Suggesting, through cross-examination of defense witnesses and in closing argument, that Applicant had a burden of proving his innocence (*id.* at 5, 14-21);

   b. Commenting, during cross-examination of Applicant, on Applicant's invocation of the Fifth Amendment privilege of remaining silent (after speaking with police) (*id.* at 17).

3. Ineffective assistance of counsel, in that counsel failed to:

   a. investigate the license plate database at DIA, which counsel knew about prior to trial (*id.* at 5, 22-23);

   b. object to the prosecution's late disclosure of the database (*id.* at 22);

   c. investigate the criminal backgrounds of three prosecution witnesses (*id.* at 5-6, 23-24);

   d. adequately prepare to undermine or rebut the prosecution's evidence that DNA in a ski mask found at the scene matched Applicant's (*id.* at 6, 24-25);

   e. object to prosecution questions of alibi witnesses MH and SF, which suggested that their lack of corroboration for their alibi testimony undermined the credibility of their testimony (*id.* at 25);

   f. object to prosecution questions and argument suggesting Applicant had a burden to prove his innocence (*id.* at 26);

   g. request a curative instruction or a mistrial after his burden-shifting objection to the prosecution's closing argument was overruled (*id.*); and,

   h. rebut the prosecution's suggestion that alibi witnesses had not provided accurate contact information to, or otherwise cooperated with, the prosecution (*id.* at 25-26).

4

In the amended pre-answer response, Respondents concede that this § 2254 proceeding was timely filed under 28 U.S.C. § 2244(d)(1). (Docket No. 48 at 6). Respondents further concede that Applicant exhausted available state court remedies for sub-claims 2(a), 3(a), 3(c), 3(d), 3(e), and 3(f). (*Id.* at 15-18). Respondents argue, however, that sub-claims 1(a), 1(b), 2(b), 3(b), 3(g) and 3(h) are procedurally barred. (*Id.* at 12-18).

### III.  Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). Further, a claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is barred from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A procedural rule is independent if it is based upon state law, rather than federal law. *Anderson v. Att'y Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody*, 146 F.3d 1257, 1259 [10th Cir.1998]). A state procedural rule is adequate if it was "'firmly established and regularly followed by the time as of which it is to be applied.'" *Id.* (quoting *Walker v. Att'y Gen.*, 167 F.3d 1339, 1344 (10th Cir.1999)). The applicant bears the burden of specifically alleging the inadequacy of a state procedural law. *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009).

An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

## IV. Analysis

### A. Sub-claims 1(a) and 1(b)

Mr. Straub contends in claim 1 that the prosecution violated his due process rights

under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose: (a) the existence of a database of vehicle license plate numbers entering and leaving DIA parking facilities, that, had it been reviewed prior to trial, would have shown that a vehicle registered to Applicant and his father entered DIA at the approximate time of the robbery, which in turn would corroborate Applicant's alibi defense (Docket No. 4 at 4, 9-13); and, (b) the criminal histories of three prosecution witnesses (*id.* at 4, 13-14).

Applicant did not present either sub-claim to the Colorado Court of Appeals in his direct appeal proceeding (*Straub* I). However, he raised sub-claims 1(a) and 1(b) in his amended opening brief in *Straub* II. (Docket No. 48-1 at 32-36 (sub-claim 1(a)); *id.* at 42-44 (sub-claim 1(b)).

Respondents argued in the original pre-answer response that Applicant committed an anticipatory procedural default of sub-claims 1(a) and 1(b) because he failed to raise the claims in his direct appeal proceeding and if he returned to state court to exhaust the claims, the claims would be denied pursuant to Colo. Crim. P. Rule 35(c)(3)(VII) (directing the district court to "deny any claim that could have been presented in an appeal previously brought or a postconviction proceeding previously brought," except in circumstances that are not applicable here). (Docket No. 9 at 15-23). However, Respondents' prediction proved incorrect. When Mr. Straub subsequently presented the claims to the Colorado Court of Appeals in his state post-conviction proceeding, the appellate court did not apply the procedural bar of Colo. Crim. P. Rule 35(c)(3)(VII), but instead addressed the merits of the claims. *(See Straub* II, Docket No. 39 at 55-61).

Respondents contend in the amended pre-answer response that Applicant was precluded from exhausting state court remedies for sub-claims 1(a) and 1(b) while this

case was stayed because the claims were subject to a procedural bar, and, therefore lacked merit under the *Rhines* factors. (Docket No. 48 at 14-15). The Court disagrees. The stay order did not prohibit Mr. Straub from exhausting state court remedies for any claim asserted in the Amended § 2254 Application. (*See* Docket No. 18). Therefore, the Court rejects Respondents' assertion of the procedural default defense as to sub-claims 1(a) and 1(b) and finds that those claims were exhausted properly in Applicant's state post-conviction proceeding.

## B. Sub-claim 2(b)

In sub-claim 2(b), Mr. Straub contends that the prosecutor engaged in misconduct by commenting, during cross examination of Applicant, on Applicant's invocation of his Fifth Amendment right to remain silent after speaking with the police. (Docket No. 4 at 17).

In the pre-answer response, Respondents argued that Applicant committed an anticipatory procedural default of sub-claim 2(b) because he failed to present the claim to the Colorado Court of Appeals and if he attempted to raise it in a post-conviction motion, the claim would be denied as procedurally barred pursuant to Colo. Crim. P. Rule 35(c)(3)(VII). (*See* Docket No. 9 at 24-27). In the amended pre-answer response, Respondents maintain that, unlike sub-claims 1(a) and (b), Applicant did not raise the substance of sub-claim 2(b) in *Straub* II, and, therefore, the claim remains defaulted. (Docket No. 48 at 16).

Mr. Straub argues in reply that he presented sub-claim 2(b) to the Colorado Court of Appeals in *Straub* I and the appellate court ruled that the prosecutor's alleged misconduct was harmless error. (Docket No. 49 at 13).

8

The Court has carefully reviewed Mr. Straub's opening brief in *Straub* I and finds that he did not raise the substance of sub-claim 2(b) in his direct appeal proceeding. (*See generally* Docket No. 9-3). Although Mr. Straub argued that the prosecutor engaged in misconduct by improperly attempting to shift the burden of proof during cross examination of defense witnesses and in rebuttal closing argument (sub-claim 2(a)), Applicant did not specifically assert that the prosecutor cross-examined him improperly concerning his invocation of the Fifth Amendment right to remain silent after speaking to the police. (*Id.* at 21-36). Moreover, even if Mr. Straub fairly presented the substance of sub-claim 2(b) to the Colorado Supreme Court in his petition for certiorari review, his failure to raise the claim before the Colorado Court of Appeals precludes a finding of exhaustion. See *Castille*, 489 U.S. at 351.

Mr. Straub also contends in his reply that he raised the substance of sub-claim 2(b) in his Rule 35(c) motion filed in the state district court. (Doc. No. 49 at 14). Applicant did present the issue to the state district court in his Rule 35(c) motion (*see* Docket No. 17 at 69, and No. 17-1 at 1-2), but he did not thereafter raise the claim in his amended opening brief in *Straub* II. (*See generally* Docket No. 48-1). Because Mr. Straub did not raise the substance of claim 2(b) to the Colorado Court of Appeals in *Straub* I or *Straub* II, it was not exhausted in the state courts. See *Ellis v. Raemisch*, 872 F.3d 1064, 1077-82 (10th Cir. 2017) (holding that exhaustion requirement is satisfied where Colorado prisoner raises federal claim before the Colorado Court of Appeals).

The Court finds that sub-claim 2(b) is barred by the doctrine of anticipatory procedural default because if Applicant attempted to raise the claim in a second Rule 35(c) motion, the claim would be rejected summarily pursuant to Colo. Crim. P. Rule

35(c)(3)(VII). *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139-40 n.7. Colo. Crim. P. Rule 35(c)(3)(VII) is a state procedural rule that was firmly established and applied regularly by the Colorado courts at the time of Applicant's post-conviction proceeding. *See, e.g., People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010). *See also Ellis*, 872 F.3d at 1092 and n.7 (concluding that claim not raised in first post-conviction motion was procedurally defaulted pursuant to Colo. R. Crim. P. Rule 35(c)(3)(VII), which was independent of federal law and adequate to support the judgment).

Applicant does not set forth any grounds to satisfy the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default. *See Coleman*, 501 U.S. at 750. Therefore, sub-claim 2(b) will be dismissed as procedurally barred.

### C. Sub-claims 3(b), 3(g) and 3(h)

Respondents argue that sub-claims 3(b), 3(g) and 3(h) should also be dismissed under the doctrine of anticipatory procedural default. They contend that Applicant failed to present the claims to the Colorado Court of Appeals in *Straub* II, and, any attempt to raise the claims in a new state post-conviction motion would be rejected as successive under Colo.Crim.P. Rule 35(c)(3)(VII) and/or untimely under COLO. REV. STAT. (C.R.S.) § 16-5-402 (2017) (imposing a three-year limitation period for collateral attacks on all but class one felonies). (Docket No. 48 at 17-18).

#### 1. sub-claim 3(b)

In sub-claim 3(b), Mr. Straub asserts that trial counsel was constitutionally

ineffective in failing to object to the prosecution's late disclosure of the DIA license plate database. (Docket No. 4 at 22).

Mr. Straub raised the substance of sub-claim 3(b) in his Rule 35(c) motion filed in the state district court. (*See* Docket No. 17-1 at 8). In his amended opening brief in *Straub* II, he maintained that

> "counsel performed deficiently in failing to object and/or seek a continuance during trial when the prosecution first introduced the license plate database. . . . Counsel's failure to ask for continuance not only prevented the defense from being able to use the database at trial for exculpatory purposes, but it also destroyed any subsequent appellate issues regarding the discovery violation. . . .

(Docket No. 48-1 at 25). Mr. Straub raised this specific argument in conjunction with the broader claim that counsel was ineffective in failing to investigate his alibi defense. (*Id.* at 22).

In *Straub* II, the Colorado Court of Appeals addressed and rejected the claim that counsel was ineffective in failing to investigate Applicant's alibi defense because the court was "unpersuaded that the DIA index evidence would have been exculpatory rather than inculpatory," and, therefore, Applicant "failed to sufficiently allege prejudice under *Strickland*." (Docket No. 39 at 43). Based on this analysis, the state appellate court further concluded, in discussing Applicant's claim that the prosecution's late disclosure of the DIA license plate database violated his due process rights under *Brady*, that Applicant failed to show a "'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* at 59 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

The Colorado Court of Appeals' failure to address Applicant's allegation that

11

counsel was ineffective in failing to object to the prosecution's late disclosure of the DIA license plate database does not mean that the claim was not presented to it. *Dye v. Hofbauer*, 546 U.S. 1, 3 (2005) (per curiam). The Court rejects Respondents' assertion of the anticipatory procedural default defense as to sub-claim 3(b) because the allegations were presented to the Colorado Court of Appeals in *Straub* II.

### 2. sub-claim 3(g)

Mr. Straub maintains in sub-claim 3(g) that trial counsel was constitutionally ineffective in failing to request a curative instruction or a mistrial after his burden-shifting objection to the prosecution's closing argument was overruled. (Docket No. 4 at 26).

Applicant asserted in both his Rule 35(c) motion and in his amended opening brief in *Straub* II that trial counsel was ineffective in failing to request a correct instruction or propose a clarifying response after the jury expressed confusion about the parties' respective burdens of proof during deliberations. (Docket No. 17-1, at 5-6; No. 48-1 at 46). Mr. Straub did not assert in his post-conviction motion or on appeal in *Straub* II that counsel should have requested a mistrial.

The Court finds that Applicant exhausted the allegation in sub-claim 3(g) that trial counsel was constitutionally ineffective in failing to request a curative instruction after his burden-shifting objection to the prosecution's closing argument was overruled. However, the allegation that counsel was ineffective in failing to request a mistrial is anticipatorily procedurally defaulted.

In his reply, Mr. Straub argues that if the Court concludes that any of his IAC claims are procedurally defaulted, the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), applies to excuse the procedural bar. (Docket No. 49 at 16). In *Martinez*, the Supreme Court held

that where a state permits a defendant to challenge the assistance of trial counsel only in a post-conviction proceeding, then the absence of post-conviction counsel, or ineffective assistance of post-conviction counsel, in an "initial review collateral proceeding" can constitute cause for the habeas petitioner's default of a "substantial" claim of ineffective assistance of trial counsel. 566 U.S. at 13-14. The rule of *Martinez* applies only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim. *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413 (2013) (extending rule in *Martinez* to circumstances in which state law does not require claims of ineffective assistance of trial counsel to be brought in collateral proceedings, but "make [s] it virtually impossible for an ineffective assistance claim to be presented on direct review" (quotation omitted)).[3]

Because Mr. Straub lacked counsel in conjunction with the filing of his Rule 35(c) motion in the state district court, his failure to properly exhaust the allegation in sub-claim 3(g) that counsel was ineffective in failing to request a mistrial may be excused if the claim is "substantial"–i.e, has "some merit." *Martinez,* 566 U.S. at 14. The Court will defer ruling on whether Mr. Straub has demonstrated cause for his procedural default of part of

---

3  The Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994) (internal citations omitted); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal."). "Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record." *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing *People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Apodaca*, 998 P.2d 25, 29 (Colo. App.1999) (citing *Thomas*); *People v. Price,* 240 P.3d 557, 565 (Colo. App. 2010) ("Only 'in rare instances' are ineffective assistance of counsel claims presented so that they 'need no further [factual] development prior to review on direct appeal.'") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)).

sub-claim 3(g), under *Martinez*, pending the Court's receipt of the state court record and further briefing from the Respondents.

### 3. sub-claim 3(h)

Mr. Straub contends in sub-claim 3(h) that trial counsel was ineffective in failing to rebut the prosecution's suggestion that alibi witnesses had not provided accurate contact information to, or otherwise cooperated with, the prosecution. (Docket No. 4 at 25-26).

Applicant raised the substance of sub-claim 3(h) in his Rule 35(c) motion. (Docket No. 17-1 at 3-6, 13-14). However, Mr. Straub failed to articulate the sub-claim in his opening brief in *Straub* II. (Docket No. 48-1 at 44-47). Instead, he made general references to the allegations asserted in his state post-conviction motion. For example, Applicant asserted that, in his Rule 35(c) motion, he "detailed how the prosecution attacked his alibi and the defense witnesses through irrelevant and disingenuous questions on cross examination and improper arguments in closing." (*Id.* at 44-45). He further maintained that his Rule 35(c) motion "outlined numerous deficiencies in counsel's performance, including counsel's failure to object to the prosecution's misconduct during cross examination; . . . ." (*Id.* at 46).

In *Straub* II, the Colorado Court of Appeals determined that Mr. Straub had asserted four IAC claims in his Rule 35(c) motion, based counsel's on failure to object to or rebut prosecutorial misconduct. (Docket No. 39 at 49-50). Specifically, counsel failed to

- call alibi witnesses to corroborate factual details that were misstated in the original alibi notice;
- introduce interview transcripts or witness testimony as evidence to rebut the prosecution's misrepresentations;

14

- introduce evidence in his possession, to rebut the prosecution's attack on alibi witnesses (M.H., S.F.); and,

- object to the prosecution's improper questioning of two alibi witnesses (S.F., M.H.) about their failure to provide certain information, which Mr. Straub asserted was an attempt to shift the burden by the prosecution.

(*Id.*). The state appellate court concluded, in relevant part:

> Straub, at the outset, is precluded from reasserting claims that have already been raised and adjudicated on direct appeal. *See* Crim. P. 35(c)(3)(VI) . . . . Previously, a division of this court in *People v. Straub*, (Colo. App. No. 08CA1587, March 8, 2012) (not published pursuant to C.A.R. 35(f)), determined that the prosecution's questions to Straub's alibi witnesses in rebuttal closing argument were not improper. This review was conducted assuming that the issue had been preserved at trial. *Id.* Straub's Crim. P. 35(c) claims based on allegations that counsel failed to object to prosecutorial misconduct are, therefore, precluded. *People v. Villarreal*, 231 P.3d 29, 33 (Colo. App. 2009).

In *Straub I*, Applicant argued in his opening brief that the prosecutor improperly attempted to shift the burden of proof by commenting on Applicant's failure to present evidence during cross examination of defense witnesses and in rebuttal closing argument. (Docket No. 9-3 at 21-32). However, Mr. Straub did not specifically assert that the prosecutor improperly suggested that alibi witnesses had not provided accurate contact information to, or otherwise cooperated with, the prosecution. (*Id.*). The state appellate court determined in *Straub* I that "the prosecutor's questioning of the defense witnesses here was not improper" (Docket No. 4 at 41), and that "the prosecutor's cross-examination of defense witnesses and comments during rebuttal closing argument did not violate defendant's rights." (*Id.* at 44).

A federal court cannot apply a procedural default when a state court refuses to consider a claim on the ground that the claim had already been rejected on direct appeal.

15

*Cone v. Bell*, 556 U.S. 449, 467 (2009) ("When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision . . . provides strong evidence that the claim has already been given full consideration by the state courts and thus is ripe for federal adjudication." (emphasis in original)); *Davis v. Workman*, 695 F.3d 1060, 1072 (10th Cir. 2012) ("A state court's invocation of res judicata does not ... create a procedural bar to relief under [28 U.S.C.] § 2254."). *See also Wallin v. Millller*, No. 15-1301, 660 F. App'x 591, 595 (10th Cir. April 18, 2016) (unpublished) (recognizing that "procedural default applies when habeas petitioners fail to properly present their claims—not when the petitioners repeat their claims in successive state-court proceedings").

Respondents concede that Mr. Straub satisfied the exhaustion requirement for sub-claims 3(e) and 3(f) because the Colorado Court of Appeals in *Straub* II rejected the IAC allegations on the ground that, in *Straub* I, the state appellate court held "that there was no error in the prosecution's questioning of defense witnesses, or in its closing argument that these witnesses' lack of documentation corroborating their testimony undermined such testimony." (Docket No. 48 at 17 n.1). Because the underlying premises of the IAC allegations in sub-claims 3(e) and 3(f) were presented to the Colorado Court of Appeals in *Straub* I and were rejected on the merits in that proceeding, the Court agrees with Respondents that Applicant has satisfied the exhaustion requirement for those claims.

Sub-claim 3(h) is more problematic because Applicant did not specifically present the underlying premise of the IAC allegation to the state appellate court in *Straub* I. However, the allegation may fall within the purview of Applicant's more general

allegations in sub-claim 3(f) that counsel failed to object to prosecution questions and argument suggesting that Applicant had a burden to prove his innocence, which were addressed in *Straub* I.

The Court will defer ruling on the applicability of an anticipatory procedural bar to sub-claim 3(h) pending review of Respondents' Answer on the merits.

For the reasons discussed above, it is

ORDERED that sub-claim 2(b) of the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 4) is DISMISSED WITH PREJUDICE pursuant to the doctrine of anticipatory procedural default. It is

FURTHER ORDERED that, within **thirty days of this order,** Respondents shall file an Answer that fully addresses the merits of sub-claims 1(a), 1(b), 2(a), 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), 3(g) (counsel was ineffective in failing to request a curative instruction), and 3(h), of the Amended Application, and, whether the other allegation in sub-claim 3(g) (counsel was ineffective in failing to request a mistrial) is a substantial IAC claim under *Martinez*. It is

FURTHER ORDERED that Applicant may file a Reply within **thirty days from the date that** Respondents file their Answer.

Dated this 27th day of December, 2017.

BY THE COURT:

William J. Martinez
United States District Judge